**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
WEST PALM BEACH DIVISION
Case No.: 9:22-cv-80098-DMM

REINA TRINWITH,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## JOINT DISCOVERY PLAN

Plaintiff, Reina Trinwith ("Ms. Trinwith"), and Defendant, Hartford Life and Accident Insurance Company ("Hartford") (collectively, the "Parties"), pursuant to this Court's Pretrial Scheduling Order and Order Referring Case to Mediation [DE 17], entered on March 22, 2022, submit their Joint Discovery Plan and state as follows:

**(1)** **An estimated valuation of the case from the perspective of Plaintiff(s) and Defendant(s):**

Plaintiff's estimated valuation of the damages at issue is as follows: Plaintiff is eligible to receive a net monthly disability payment in the amount of approximately $4,246.66, after reduction of "Other Income Benefits" as defined by the long-term disability insurance policy ("LTD Policy"). It is the Plaintiff's position that she is currently owed the accrued amount of said net monthly long-term disability benefits from February 12, 2021, through the present date in the estimated amount of $55,206.58. Furthermore, Plaintiff seeks damages in the accrued amount of monthly long-term disability benefits owed through the date a judgment is entered in this matter. Plaintiff further seeks retroactive reinstatement of coverage under the life insurance policy ("Life

1

Policy") including retroactive reinstatement of her waiver of life insurance premium claim. In addition, Plaintiff seeks payment of attorney fees and costs incurred pursuant to 29 U.S.C. 1132(g), which are to be determined following a favorable judgment in this action.

Defendant seeks its costs and attorney's fees, and to the extent that Plaintiff receives any "Other Income," as defined by the LTD Policy, would seek recover any resulting overpayment.

**(2)** **The date for exchanging initial disclosures pursuant to Rule 26(a)(1):**

The Parties will exchange initial disclosures pursuant to Rule 26(a)(1) no later than April 29, 2022.

**(3)** **The subjects on which discovery may be needed:**

Plaintiff's position is that subjects on which discovery may be needed include:

   a) The exact nature of the information considered by Defendant in making the decision;
   b) Whether Defendant was competent to evaluate the information in its claim file;
   c) How the Defendant reached its decision;
   d) Whether, given the nature of the information in the record, it was incumbent upon the Defendant to seek outside technical assistance in reaching a "fair and full review" of the claim; and
   e) Information to determine whether a conflict of interest existed.
   f) Any other relevant information as permitted under the Federal Rules of Evidence.

Defendant's position regarding the discovery outlined by Plaintiff is that the proposed discovery is disproportional to the needs of the case because this is an ERISA benefits action that will likely be adjudicated on a closed record as is typical in such cases.

**(4)** **Whether the Parties can agree to limit discovery on particular issues through stipulation:**

The Parties cannot agree to limit discovery on particular issues through stipulation.

**(5)** **What document discovery is needed:**

Discovery that Plaintiff may pursue in discovery includes the following:

a) Claims procedures, manuals, internal rules, guidelines, protocols, or instructive memoranda that refer to Defendant's, claims handling procedure regarding disability in existence during the start of Ms. Trinwith's claim through and including Defendant's denial of her appeal;
b) Documents which refer to, relate to and/or otherwise evidence Defendant's compliance with the Department of Regulations (DOL) regarding establishing and maintaining reasonable procedures governing disability benefit claims and appeals procedures;
c) All "relevant" documents as defined by ERISA's claim procedure regulations, 29 C.F.R. § 2560.503-1(m)(8)(i)-(ii).
d) Documents detailing, listing, or referencing the qualifications, training, education, and experience of all individuals who participated in or were involved in any way in the analysis, review, and determinations made throughout Defendant's claims process in Ms. Trinwith's claim for long-term disability insurance and waiver of life insurance premium benefits;
e) Documents including but not limited to notes, files and activity logs of all of Defendant's employees, including but not limited to physician advisors, working on, participating, reviewing, in or handling Ms. Trinwith's long-term disability and waiver of life insurance claims;
f) Any photographs, video tapes, video surveillance, and audio recordings of Ms. Trinwith gathered by Defendant in the original, unedited format;
g) Copies of each and every curriculum vitae, resume, or other documents listing the qualifications of all vocational and medical experts employed by, contracted with, or otherwise, whose advice was obtained by Defendant in connection with Ms. Trinwith's long-term disability and waiver of life insurance claims without regard to whether the advice was relied upon;
h) Defendant's contract(s) or agreement(s), in whatever name and in whatever form with:
   a. Dr. Jozef Hudec and/or any agreements between Defendant and any person or entity responsible for retaining Dr. Jozef Hudec in connection with Ms. Trinwith's claim for disability benefits.
   b. Dr. Katherine Herzog and/or any agreements between Defendant and any person or entity responsible for retaining Dr. Katherine Herzog in connection with Ms. Trinwith's claim for disability benefits.
i) All documents, records, notes and/or logs in whatever name and whatever form in existence detailing the conversations, activities, and/or correspondence between Defendant's hired medical reviewers and Ms. Trinwith's attending physicians that took place at any time in January of 2010 through and including December of 2021;
j) All job descriptions, including any documents listing the occupational duties and physical abilities of the Ms. Trinwith's occupation that Defendant created or drafted, or received from any person or entity during Ms. Trinwith's long-term disability and waiver of life insurance premium claims;
k) All documents, electronic records, audio recordings, or videos reflecting verbal and/or written communications or correspondences between Defendant and legal counsel for Defendant during Ms. Trinwith's long-term disability and waiver of life insurance premium claims;

    l) All documents, electronic records, audio recordings, and/or videos reflecting verbal and/or written communications or correspondences between Defendant and Ms. Trinwith's medical physicians and/or their medical personnel;
    m) All reports, notes, comments, correspondence and documents, by whatever name, in whatever form generated or authored by any and all medical personnel employed or consulted by the Defendant in this claim whether or not said information was included in Defendant's claim file of Ms. Trinwith's claim for disability benefits;
    n) A true and complete copy of the long-term disability insurance policy and summary plan description(s) and any other plan documents for same in effect on or before Ms. Trinwith's date of disability, January 14, 2010, including any amendments effective after her date of disability;
    o) A true and complete copy of the life insurance policy and summary plan description(s) and any other plan documents for same in effect on or before Ms. Trinwith's date of disability, January 14, 2010, including any amendments effective after her date of disability.

    Defendant's position regarding the discovery outlined by Plaintiff is that the proposed discovery is disproportional to the needs of the case because this is an ERISA benefits action that will likely be adjudicated on a closed record as is typical in such cases.

**(6)**     <u>**Whether discovery should be conducted in phases**</u>**:**

    The Parties do not wish to conduct discovery in phases.

**(7)**     <u>**Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain**</u>**:**

    Parties may have disclosure, discovery, or preservation of electronically stored information depending if the information sought is stored electronically or not.

    **(a)** <u>**The main information and documents sought**</u>**:**

    The main information sought by Plaintiff includes what is listed in "Document Discovery" above, in the event these documents are stored electronically.

    **(b)** <u>**The expected costs of e-discovery**</u>**:**

    The expected costs of e-discovery is unknown at this time.

    **(c)** <u>**Whether alternatives to e-discovery are possible**</u>**:**

    None.

**(8)** **What individuals each side intends to depose:**

Plaintiff may depose any of the following individuals, in addition to others who were involved in Ms. Trinwith's long-term disability claim:

(a) Laurie A. Tubbs, Appeal Specialist Defendant;
(b) Debbie Staz, Specialty Analyst for Defendant;
(c) Marylou Watson, Clinical Case Manager for Defendant;
(d) Yazmin Yupangco, Ability Analyst for Defendant;
(e) Tonya T. Williams, Specialty Analyst for Defendant;
(f) Jennifer K. Volo, Specialty Analyst for Defendant;
(g) Julie Wigington, Medical Case Manager for Defendant;
(h) Erik L. Anderson, Investigative Analyst for Defendant;
(i) Michael McFerren, Ability Analyst for Defendant;
(j) Maggie M. White, Rehabilitation Case Manager for Defendant;
(k) Cathleen S. Yorio, MS, CRC, who wrote an Employability Analysis Report for Defendant;
(l) Dr. Jozef Hudec, physician who performed medical evaluation of Plaintiff for Defendant;
(m) Dr. Katherine Herzog, reviewing physician for Defendant;
(n) Lourdes Blanco-Shepherd, Claims Examiner for Defendant;
(o) Manikandan Swaminathan, Claims Examiner for Defendant;
(p) Andrew Barson, Investigative Specialist for Defendant;
(q) Lawrence D. Britt, Claims Manager for Defendant;
(r) Ignacio Bone, Private Investigator for Defendant;
(s) Juan Abiega, Investigator for Defendant;
(t) F. Acosta, Private Investigator for Defendant;
(u) Bryan J. Lowry, Claims Examiner for Defendant;
(v) Brenda Bonney, Investigator for Defendant.

Defendant's position regarding the discovery outlined by Plaintiff is that the proposed discovery is disproportional to the needs of the case because this is an ERISA benefits action that will likely be adjudicated on a closed record as is typical in such cases.

**(9)** **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

None at this time. The Parties will advise this Court should any issues arise regarding claims of privilege or of protection as trial-preparation materials, after first conferring and attempting to resolve the matter without the Court's intervention.

**(10)** **What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules:**

None.

**(11)** **Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful:**

The Parties are in the process of scheduling mediation with a private mediator. In the event the Parties are unable to reach an amicable resolution, the Parties will advise this Court regarding their position for a settlement conference with a Magistrate Judge.

*Respectfully submitted this 4th day of April, 2022.*

/s/ *Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff*

/s/ *Jonathan M. Fordin*
Jonathan M. Fordin (FBN 371637)
jfordin@shutts.com
SHUTTS & BOWEN LLP
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Tel: (305) 347-7390
Fax: (305) 347-7790
*Attorneys for Defendant*